U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

2021 June 2 A 11: 29

CLERK OF COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRITTANY J. VLACH,
NICHOLAS C. LEITERMAN,
RILEY T. SCHLEIS,
WARREN E. SCHABOW, and
CASEY L. STEINHAGEN,

Defendants.

Case No. **21-CR-115**

[21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and 846]

**Green Bay Division**

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

1.      Beginning on or about September 1, 2020, and continuing until on or about

March 1, 2021, in the State and Eastern District of Wisconsin and elsewhere,

**BRITTANY J. VLACH,
NICHOLAS C. LEITERMAN,
RILEY T. SCHLEIS,
WARREN E. SCHABOW, and
CASEY L. STEINHAGEN**

knowingly and intentionally conspired with each other and with persons known and unknown to

the grand jury to distribute and possess with intent to distribute controlled substances, in

violation of Title 21, United States Code, Section 841(a)(1).

2.      The quantity of drugs involved in the conspiracy attributable to Brittany J. Vlach

and Nicholas C. Leiterman, as a result of their own conduct and the conduct of other conspirators

reasonably foreseeable to them, involved 500 grams or more of a mixture and substance

containing a detectable amount of methamphetamine, a Schedule II controlled substance.

1

3.      The quantity of drugs involved in the conspiracy attributable to Riley T. Schleis, Warren E. Schabow, and Casey L. Steinhagen, as a result of their own conduct and the conduct of other conspirators reasonably foreseeable to them, involved 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A), and 841(b)(1)(B).

## NOTICE OF FORFEITURE

1.      Upon conviction of the controlled substance offense alleged in the Indictment, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offenses.

2.      If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL:

███████████████████

FOREPERSON

Dated:      6/2/2021

RICHARD G. FROHLING
Acting United States Attorney

3